IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWARD HOWELL ROBERTSON,

      Plaintiff,

v.                                                                    No. 1:26-cv-01076-JDB-tmp

HAYWOOD COUNTY JAIL,

      Defendant.

_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(A)(1)-(2) OR PAY $405 CIVIL FILING FEE
_____

On April 9, 2026, the Plaintiff, Edward Howell Robertson, who is currently incarcerated at the Haywood County Jail in Brownsville, Tennessee, filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis ("IFP") consisting of the two-page Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (D.E. 2).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  *See Bruce v.*

_____

[1]The civil filing fee is $350.  28 U.S.C. § 1914(a).  The Schedule of Fees requires an additional administrative fee of $55 for filing any civil case.  Local Fees | Western District of Tennessee | United States District Court (uscourts.gov) (last accessed Apr. 10, 2026).  The additional fee will not apply if leave to proceed IFP is ultimately granted.

*Samuels*, 577 U.S. 82, 84-85 (2016) (addressing payment of fees under §§ 1915(b)(1)-(2)). However, to take advantage of the installment procedure, the prisoner must properly complete and submit to the district court, along with the complaint, an IFP affidavit and a certified copy of his trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Robertson has neither paid the civil filing fee nor filed a certified copy of his trust account statement. He is therefore ORDERED to submit, within thirty days of the date of this order,

> (1) the entire $405 civil filing fee; OR

> (2) a certified copy of his trust account statement for the last six months immediately preceding the filing of the complaint.

If Plaintiff needs additional time to pay the filing fee or file the required document(s), he may request one thirty-day extension of time from the Court. *See McGore,* 114 F.3d at 605. However, if he fails to comply with this order in a timely manner, the Court will deny leave to proceed IFP, assess the entire $405 filing fee from his trust account without regard to the installment payment procedure, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b). *See id.*

Robertson is ORDERED to notify the Court immediately, in writing, of any change of address. If he fails to abide by this requirement or any other directive hereof, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 13th day of April 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT COURT

2