IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

EDWARD HOWELL ROBERTSON,    )
      Plaintiff,         )
                     )
                     )        No. 1:26-cv-01076-JDB-tmp
v.                     )
                     )
HAYWOOD COUNTY JAIL,       )
                     )
      Defendant.        )

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS,
DISMISSING CASE WITHOUT PREJUDICE,
AND
ASSESSING $405 CIVIL FILING FEE

---

On April 9, 2026, the Plaintiff, Edward Howell Robertson, who is currently incarcerated at the Haywood County Jail in Brownsville, Tennessee, filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis ("IFP") consisting of the two-page Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (D.E. 2).

On April 13, 2026, the Court ordered Robertson to submit, within thirty days, either the $405 civil filing fee or a certified copy of his inmate trust account statement for the six months before the filing of the complaint. (D.E. 4.) The Court warned that, if he

> fail[ed] to comply with this order in a timely manner, the Court will deny leave to proceed IFP, assess the entire $405 filing fee from his trust account without regard to the installment payment procedure, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

(*Id.* at PageID 11.)

Plaintiff has failed to comply with the April 13 order and the time for compliance has expired. That is, he has neither paid the $405 filing fee nor provided a certified copy of his inmate trust account statement. Accordingly, leave to proceed IFP is DENIED. Further, this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to prosecute and failure to comply with the April 13 order. *See Moore v. Erickson*, No. 22-2134, 2023 WL 9023353, at *2 (6th Cir. Oct. 5, 2023) ("Rule 41(b) authorizes dismissal if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order.").

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee since the responsibility for paying the filing fee accrues at the time the complaint is filed. *See McGore v. Wrigglesworth,* 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Robertson cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at his prison facility shall withdraw from Plaintiff's trust fund account the sum of $405 and forward that amount to the Clerk of this Court. If the funds in the inmate's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Robertson's account and forward them to the Clerk. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10 unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action

and is promptly remitted to the Clerk when sufficient funds are deposited into Robertson's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, the trust fund officer shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk
United States District Court, Western District of Tennessee
167 North Main, Suite 242
Memphis, Tennessee 38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Robertson is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If he fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on his ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the administrator of the prison facility to ensure that the custodian of Robertson's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed IFP on appeal is, therefore, DENIED.

IT IS SO ORDERED this 19th day of May 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE